IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:21-mj- 301 |
| | ) |
| GARRETT O'BRIEN PORTELA, | ) |
| | ) |
| Defendant. | ) |

AFFIDAVIT IN SUPPORT OF A CRIMINAL INFORMATION AND SUMMONS

I, Maureen O'Callahan, being duly sworn, state:

INTRODUCTION

1. I am a Federal Law Enforcement Officer with the National Park Service (NPS) at Manassas National Battlefield Park. I was appointed as a Federal Law enforcement officer with the NPS in 2015. My responsibilities include traffic violations, resource violations, physical security, and the protection of all employees/visitors within the park.

2. This affidavit is submitted in support of a criminal information and summons charging that, on or about June 20, 2021, at Manassas National Battlefield Park, within the Special Maritime and Territorial Jurisdiction of the United States, in the Eastern District of Virginia, GARRETT O'BRIEN PORTELA did destroy, injure, deface, and disturb plants and the parts and products thereof from its natural state, in violation of 36 C.F.R. § 2.1(a)(1)(ii); operate a motor vehicle off of park roads, parking areas, and routes and areas designated for off-road motor vehicle use, in violation of 36 C.F.R. § 4.10(a); operate an all-terrain vehicle without a protective helmet, in violation of 36 C.F.R. § 4.2(b), adopting Virginia Code § 46.2-915.1(A)(3); and operate an all-terrain vehicle with a passenger that is not designed and equipped for more than one rider, in violation of 36 CFR § 4.2(b), adopting Virginia Code § 46.2-915.1(A)(5).

3. The facts and information contained in this affidavit are based upon my personal knowledge and observations of other National Park Rangers involved in this investigation. All observations that were not personally made by me were relayed by the person(s) who made such observations or are based on my review of records and documents.

4. This affidavit contains the information necessary to support probable cause. The affidavit does not include each and every fact observed by me or known to the United States.

## PROBABLE CAUSE

5. On June 20, 2021, a call came over the radio that National Park Ranger J.M., stationed at the Brawner House, an historic site within the western portion of Manassas National Battlefield Park, had just observed an all-terrain vehicle (ATV) drive up a trail within Manassas National Battlefield Park.

6. The original radio call said that there were two people on the ATV.

7. I drove to General Trimbles Lane, a private road that is approximately ten feet from the Manassas National Battlefield Park boundary. Consent has been given by the landowners in accordance with Virginia Code § 46.2-102 for National Park Rangers to patrol and enforce laws in that area. I arrived within approximately five minutes of the radio call. The approximate distance from General Trimbles Lane to the Brawner House is a mile and a quarter. The federal land boundary is marked by regularly spaced U.S. National Park boundary signs.

8. As I drove down General Trimbles Lane, a black ATV, with two riders, going at a high rate of speed and without pausing to enter the road, exited from a private wooded area just north of the national park boundary. I was approximately fifteen feet from the ATV when it exited the woods and entered General Trimbles Lane.

9. The ATV was operated by a white male with a white, brown-haired female passenger. Due to the short time between the radio call and my arrival time, my knowledge of the trail connection between Brawner Farm and General Trimbles Lane, the lack of other ATVs in the area, and the description provided by J.M. on the radio call, I initiated an investigatory traffic stop. I identified the driver as PORTELA and the passenger as K.B.

10. Neither PORTELA nor K.B. were wearing a helmet or had identification with them.

11. Ranger J.M. call and give me a better description of the ATV riders he had witnessed near Brawner Farm. J.M. said that there was a white male driver and a white female behind him with brown hair.

12. When asked if PORTELA had driven on park land, PORTELA stated "Yeah, we turned around. We got lost." PORTELA said he turned around when he saw a horse sign indicating that they were within the park boundaries. By subsequently retracing the path of PORTELA as he reported it to me, I found that PORTELA would have passed several signs indicating that the horse trail was within the park boundaries both on the way to and from Brawner Farm. The first horse sign the ATV would have come across is approximately a half a mile away from Brawner Farm.

13. When asked how he entered the park, PORTELA indicated that he entered by going around a "gate." Although there is no gate, PORTELA would have had to navigate around a physical obstruction to enter park land based on my observations from retracing the path that he reported to me.

14. I released PORTELA and K.B. to return to their private property on General Trimbles Lane with an advisement that they would be receiving a later court date. I photographed motor vehicle tracks found about a quarter mile from where the traffic stop occurred on General Trimbles Lane. The tracks show that a motor vehicle of some type left the road, drove over some

earthworks, past the park boundary surrounded by wooden fencing, through a short distance of woods, and into a clearing. There are boundary markers on the trees to indicate where the park boundary begins that can be seen from General Trimbles Lane. Wooden fencing is positioned at the three small clearings along General Trimbles Lane to deter any type of motor vehicle from entering the park.

15. The motor vehicle tracks were heavily traveled. The unauthorized trail had created wheel marks into the dirt. In the grass clearing, all the vegetation had been pushed down in approximately a five-foot diameter as a motor vehicle moved across the field. The diameter of the trail indicates that it is a smaller motor vehicle rather than a full-sized vehicle moving through the grass.

16. From my review of Prince William County Geospatial Technology Services records, I later confirmed the area described above was federally owned land at 11979 General Trimbles Lane (GPIN: 7598-14-6930).

17. The ATV ridden by PORTELA and K.B. was a black 2019 Honda Rubicon 4X4. Per the manufacturer's website, this vehicle was not designed or equipped for a second rider.

## CONCLUSION

18. Based on the facts and information presented above, I respectfully submit that there is probable cause to believe that on June 20 2021, within the Special Maritime and Territorial Jurisdiction of the United States, in the Eastern District of Virginia, GARRETT O'BRIEN PORTELA did destroy, injure, deface, and disturb plants and the parts and products thereof from its natural state, in violation of 36 C.F.R. § 2.1(a)(1)(ii); operate a motor vehicle off of park roads, parking areas, and routes and areas designated for off-road motor vehicle use, in violation of 36 C.F.R. § 4.10(a); operate an all-terrain vehicle without a protective helmet, in violation of 36

C.F.R. § 4.2(b), adopting Virginia Code § 46.2-915.1(A)(3); and operate an all-terrain vehicle with a passenger that is not designed and equipped for more than one rider, in violation of 36 CFR § 4.2(b), adopting Virginia Code § 46.2-915.1(A)(5).

LE Ranger Maureen O'Callahan
National Park Service

Subscribed and sworn to before me on August 17, 2021

Notary Public

ADAM A. SHREINER
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
#7500089 COMM. EXP. 03/31/2023